UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRICK SHAWN GREENE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMTRAK,<br><br>　　　　　　　　　　Defendant. | Case No.:  23-cv-1852-CAB-JLB<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**<br><br>[Doc. No. 13] |

　　　On June 12, 2023, pro se Plaintiff Cedric Shawn Greene filed a complaint in state court against "Amtrak."  The case was removed to this court by the Defendant National Railroad Passenger Corporation service mark Amtrak, on October 9, 2023. [Doc. No. 1]. The Defendant filed a motion to dismiss the complaint for failure to state a claim on October 16, 2023. [Doc. No. 5].  Plaintiff filed a written response on November 21, 2023. [Doc. No. 8].  In an order dated December 5, 2023, the Court granted the motion and dismissed the complaint without prejudice, finding that the complaint was largely unintelligible and failed to assert any specific claims against the Defendant or to provide any facts that could lead to any cause of action.

1

On December 8, 2023, Plaintiff filed an amended complaint. [Doc. No. 10.] On December 14, 2023, Amtrak moved to dismiss the amended complaint. [Doc. No. 13.] The following day, Plaintiff filed a document with the caption, "Plaintiff's Amended Complaint to Reprieve Federal Court Dismall [sic]." [Doc. No. 15.] Because the Court was uncertain whether this filing was intended to be an opposition to the motion to dismiss, the Court entered an order giving Plaintiff until January 8, 2024, to file a more complete opposition to the motion to dismiss. [Doc. No. 15.] That deadline passed with no additional filings from Plaintiff. Accordingly, the Court assumes that Plaintiff intends his December 15, 2023, filing to serve as his opposition to the motion to dismiss.

Defendant moves to dismiss the amended complaint for the same two reasons the Court dismissed the original complaint: (1) failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) the complaint is uncertain and/or unintelligible pursuant to Federal Rules of Civil Procedure 8(a) and 12(e). In its motion, Defendant argues that the amended complaint is "so unintelligible and nonspecific with regards to its allegations against Amtrak that Amtrak is left to speculate as to what it seeks or how it should respond." [Doc. No. 13 at 5.] Upon review of the amended complaint and Plaintiff's response to the motion to dismiss, the Court generally agrees with Defendant. The amended complaint does not remedy the deficiencies in the original complaint or comply with the Court's order granting leave to amend which required Plaintiff to allege clear facts giving rise to any specific claims against Defendant.

Because the amended complaint fails to allege any comprehensible facts that might support a claim against Defendant, it is hereby **ORDERED** that the motion to dismiss is **GRANTED**. In light of Plaintiff's pro se status, the Court will give him one final opportunity to amend. If Plaintiff chooses to file a second amended complaint, that complaint should allege all facts related to the "incident" alleged beginning at "Fact VI" of the amended complaint, along with why Amtrak should be liable to Plaintiff and what form and amount of relief Plaintiff seeks with this lawsuit. Plaintiff is advised that the second amended complaint should be complete in and of itself, and that it should not rely on or

refer back to allegations in either of his prior complaints. This will be Plaintiff's final opportunity to amend his complaint. If this second amended complaint fails to state a claim, the Court will dismiss this case with prejudice. Plaintiff must file his second amended complaint no later than **February 21, 2024**. If no amended complaint is filed by **February 21, 2024,** the Clerk of Court shall **CLOSE** this case without further order from the Court.

It is **SO ORDERED**.

Dated: January 23, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge